ELMER ANSLEY, APPELLEE, v. C. F. PASÁHRO, MARY PASAHRO, TEMPLETON BROS., AND W. C. VAN-GUNDY, APPELLANTS.

1. **Vendor's Lien.** A vendor of real estate, upon the absolute conveyance thereof by deed, has no lien on the land so conveyed for such portion of the purchase money as remains unpaid. *Edminster v. Higgins*, 6 Neb., 265.

2. ———. The policy of our law is to discourage secret liens, and to require all instruments affecting title to real estate to be entered upon record. *Id.*

3. ———. The doctrine that the vendor has a lien on the land conveyed for purchase money remaining unpaid is repugnant to our statutes in relation to real estate, and is no part of the law of this state. *Id.*

4. ———: RULE APPLIED. A. sold and deeded certain real estate to P. on the 29th day of June, 1885. On the same day T., by virtue of a contract with P. therefor, sold and delivered to him material for the erection of a building on said property. On the 23d day of July, 1885, P. and wife executed a mortgage to A. to secure the unpaid part of the purchase price. *Held*, That the mechanic's lien in favor of T. was superior to the lien of A. created by the mortgage.

APPEAL from the district court of Nuckolls county. Heard below before MORRIS, J.

*Case & McNeny*, for appellants Templeton Bros., cited: Jones on Mort., Sec. 1474. *Short v. Nooner*, 16 Kan., 220. *Webb v. Hoselton*, 4 Neb., 313. *Lyon v. McGuffey*, 45 Am. Dec., 675.

*W. A. Bergstresser*, for appellee, cited: *White Lake Lumber Co. v. Stone*, 19 Neb., 402. *Jackson v. Austin*, 15 Johns., 477. Boone on Mortgages, Sec. 75. *Clark v. Butler*, 32 N. J. Eq., 664. Campbell's Appeal, 36 Penn. State, 247. *Lyle v. Ducomb*, 5 Binn., 585.

REESE, J.

This action was instituted in the district court of Nuck-olls county for the purpose of foreclosing a mortgage exe-cuted by defendant Pasahro to plaintiff Ansley upon cer-tain real estate described in the petition. Defendants Tem-pleton Brothers and VanGundy were made parties to the action for the reason that they had filed in the proper office statements for mechanics' liens which they claimed against the premises for material furnished Pasahro, in the con-struction of a barn. There is no question presented as to the foreclosure proceedings so far as the mortgage is con-cerned, Pasahro and wife making default in the court below. Templeton Brothers appeared and answered, setting up their mechanic's lien, and alleged that it was superior to the lien of plaintiff's mortgage.

It appears from the record that Ansley sold and deeded the property in question to Pasahro on the 29th day of June, 1885. On the same day Pasahro entered into a con-tract with Templeton Brothers for lumber with which to make the improvement on the premises. On the 23d day of July of the same year, Pasahro and wife executed the mortgage to Ansley which is now sought to be foreclosed, the consideration of the mortgage being the unpaid part of the purchase price of the property.

On the trial the court found that the lien of the mort-gage was superior to the lien created by the mechanic's lien, and rendered a decree accordingly. From this decree Templeton Brothers appealed.

I think the only question which can be considered is, whether or not the furnishing of material for the construc-tion of the barn after the execution of the deed from Ans-ley to Pasahro, and before the execution of the mortgage from Pasahro to Ansley, would constitute Templeton Brothers the holders of the prior lien, or whether the fact

that the mortgage was given for the purchase price would entitle the mortgagee to priority.

On the trial of the case the following proceedings were had, as shown by the bill of exceptions: "The plaintiff introduced deed record book ' K,' page 522, thereby showing a deed from Elmer Ansley and wife to C. F. Pasahro, a copy of which is hereto attached, marked exhibit ' A.' Also page 495 of mortgage record book 8, showing mortgage from C. F. Pasahro and wife to Elmer Ansley, a copy of which said mortgage is hereto attached marked exhibit ' B.'

" It is agreed in open court that the mortgage above referred to is for the purchase money of said premises. Plaintiff rests.

" Defendant Templeton Brothers then introduced page 44, volume 1, of mechanics' lien record, of said county, showing mechanic's lien filed, *Templeton Brothers v. C. F. Pasahro.* Copy thereof is hereto attached, marked exhibit ' C.'

" It is admitted that the lumber described in said mechanic's lien was used for the erection of a barn on said premises."

This is the whole of the bill of exceptions, with the exception of the exhibits referred to, which are in the usual form and need not be here copied.

By the journal entry of the decree it is shown that Pasahro and wife made default, and the case was tried upon the petition of plaintiff, and the answer of Templeton Brothers.

The finding of the court, as contained in the record, is as follows: " The court finds that C. F. Pasahro and wife, Mary Pasahro, executed and delivered to plaintiff the mortgage deed, set forth in said petition, upon the following described real estate, to-wit: Lots one, two, and three, in block forty-six, in the village of Superior, Nuckolls county, Nebraska, according to the original plat

and survey thereof, as the same appears of record, in Nuckolls county, Nebraska, and that said mortgage was duly recorded on the 30th day of July, A.D. 1885, in book 8 of records of mortgages, page 495, in said Nuckolls county, Nebraska, and the court further finds that said mortgage was given to secure the payment of six several promissory notes, five each for the sum of $300.00, and one for the sum of $200.00. The court further finds that the said notes and mortgage were given by the said C. F. Pasahro and Mary Pasahro to secure the unpaid part of the purchase money for said premises in said petition and mortgage described. The court further finds that there is due to plaintiff Elmer Ansley from defendant C. F. Pasahro, the sum of $970 on three of the promissory notes described in said mortgage and petition, drawing ten per cent interest. The court further finds that secured in this same mortgage are three several promissory notes, being three of the six heretofore described of date of July 23, 1885, and one becoming due June 29, 1886, for the sum of $300, drawing interest at ten per cent from date, and one to become due September 29, 1886, for $300, drawing ten per cent interest from date, and one becoming due December 29, 1886, for the sum of $200, drawing ten per cent interest from date; and that these several sums due and to become due are part of the purchase money of the land described in the said petition and mortgage, and that the same is the first and best lien on said premises. And the court finds due to Templeton Brothers from defendant Pasahro, for materials furnished, and for which mechanic's lien is filed, the sum of $301.73. And the court finds due defendant Van Gundy from Pasahro the sum of $15 for material furnished, and for which a mechanic's lien has been duly filed, and these materials were used in the construction of a barn on said mortgaged premises, and that the mechanics' liens are second and inferior to the mortgage."

We are thus specific in the presentation of the evidence and the findings of the court, for the reason that it is said in the brief of appellee that, " It also affirmatively appears that the deed was delivered on the 23d day of July, 1885, and the mortgage, set out in the petition, was executed and delivered on the same day." We have examined the record carefully, and cannot find that this statement is borne out by the evidence. The contract for the purchase of the material of Templeton Brothers, made by Pasahro, was on the 29th day of June, the date of the execution of the deed, and more than half the lumber was furnished on that day. The presumption would be quite natural that Pasahro was in possession of the property at that time, and that his possession was under and by virtue of his purchase from Ansley, the deed bearing date of that day. If this is true, the only question presented is, whether or not Ansley would have a vendor's lien as against third parties without notice for the remainder of the purchase price. If not, Templeton's mechanic's lien is the superior equity.

This question, we think, has been finally put at rest in this state by the decisions of this court in *Edminster v. Higgins,* 6 Neb., 265, and *Rhea v. Reynolds,* 12 Id., 128. The opinions in both cases were written by the present chief justice, MAXWELL, and in the former case it is said: "This provision of the common law" (referring to vendor's liens) "doubtless had great influence in leading the court of chancery of England to adopt the doctrines of vendor's lien from the civil law, to prevent a failure of justice. But this doctrine can have no application in this state, where debts are a charge upon the lands of decedents, and where the estate descends or is devised subject to such debts. We are clearly of the opinion that the doctrine of a vendor's lien in a case like the one at bar is repugnant to our statutes in relation to real estate, and is therefore no part of our law."

That was a case in which the alleged lien of the vendor

was sought to be enforced against the heirs of the vendee, and not where the interests of a third party, without notice, were involved. The latter case was one in which an action was commenced by the vendor of real estate upon a promissory note for the purchase price of the real estate, and for the purpose of enforcing a vendor's lien. The district court found that no lien existed, and dismissed the action. It was held that Rhea, the plaintiff, was entitled upon the pleadings to judgment against Reynolds for the amount of the note, and the case was reversed for that reason, in which opinion it is said: "We adhere to our decision in *Edminster v. Higgins*, 6 Neb., 265, in that a vendor of real estate, upon an actual conveyance thereof by deed, has no lien upon the land so conveyed for such portion of the purchase money as remains unpaid. The reason is, the grantor has parted absolutely with all claims and demands upon the land and cannot be allowed to enforce special demands against it not arising by contract or operation of law."

As the bill of exceptions does not contain the evidence introduced by VanGundy upon the trial, we cannot say as to what his rights are, or when his lien attached. The decree, so far as his interests are concerned, will not be molested.

The decree of the district court will therefore be modified in this court, and the decree will be that the lien in favor of Templeton Brothers is superior to that created by the mortgage of plaintiff, and that the same be foreclosed; the proceeds arising from the sale of the real estate upon the foreclosure of the mortgage to be applied—first, to the payment of the lien of Templeton Brothers; second, to the amount found due upon the mortgage; and third, to the amount due VanGundy on his lien.

JUDGMENT ACCORDINGLY.

THE other judges concur.